UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GLENN KANAGA, et al., | ) | CASE NO. 1:23-cv-1882 |
| | ) | |
| PLAINTIFFS, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| MONSANTO COMPANY, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court are two motions. First, defendant Monsanto Company ("Monsanto") has moved to dismiss. (Doc. No. 8 (Motion to Dismiss).) Second, in lieu of opposing the motion to dismiss, plaintiffs Glenn and Darcie Kanaga (the "Kanagas") concede that their complaint does not meet federal pleading standards and have moved to amend. (Doc. No. 10 (Motion to Amend).) For the reasons discussed below, the motion to dismiss is **GRANTED** and the motion to amend is **DENIED**.

**I.   BACKGROUND**

In September 2023, the Kanagas filed suit against Monsanto, alleging that Glenn Kanaga developed Hodgkin's lymphoma and other associated medical infirmities after repeated exposure to Roundup weedkiller, which Monsanto manufactures. (Doc. No. 1 (Complaint) ¶¶ 7, 10–19, 21.) The case was transferred in October 2023 to the United States District Court for the Northern District of California for multidistrict litigation proceedings. *See In re: Roundup Prods. Liab.*

*Litig.*, MDL No. 2741. (*See also* Doc. No. 3 (Conditional Transfer Order), at 1.)[1] In July 2024, the case was remanded to the Northern District of Ohio because Glenn Kanaga "was diagnosed with Hodgkin's lymphoma rather than non-Hodgkin's lymphoma," and his case therefore fell "outside the scope" of the MDL. (Doc. No. 6 (Conditional Remand Order), at 3.)

On remand, the Kanagas were given thirty days to "file any amended pleadings[.]" (Doc. No. 7 (Order), at 2.) When none were filed nearly a month after that deadline, Monsanto moved to dismiss the case, arguing that the operative complaint "does not come close to satisfying federal pleading requirements." (Doc. No. 8-1 (Memorandum in Support of Motion to Dismiss), at 3.) Monsanto correctly points out that the complaint "does not include any factual allegations whatsoever regarding Monsanto's conduct or proximate causation," and only attempts to incorporate by reference allegations of a complaint from a different proceeding—albeit one that involved plaintiffs who were alleged to have developed non-Hodgkin's lymphoma from their exposure to Roundup. (*Id*. at 3–4; *see also* Doc. No. 1 ¶ 4.)

Only then did the Kanagas move to amend, conceding that their complaint "does not meet the mandates of *Twombly*[.]" (Doc. No. 10, at 5.) Along with their motion to amend, the Kanagas submitted a proposed amended complaint with bolstered allegations and new defendants. (*See generally* Doc. No. 10-1.) It is unclear, though, what parties the Kanagas seek to join to this lawsuit. In their motion to amend, the Kanagas propose adding only a single defendant: "Dunn Hardware, LLC." (Doc. No. 10, at 4.) But Dunn Hardware, LLC is not mentioned in the proposed amended complaint. "Hunn Hardware" is briefly mentioned but is not named as a defendant in the caption. (Doc. No. 10-1 ¶¶ 208–09.) Even more curiously, the proposed amended complaint names "Wilbur-Ellis Nutrition, LLC" and "Does 1 through 100" as defendants (*id.* at 1; *id* ¶¶ 26–27), but

---

[1] All page number references are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

those entities are not mentioned in the motion to amend, nor are they adequately identified in the proposed amended complaint.

In response, Monsanto argues that amendment would be futile because the proposed amended complaint still fails to state a claim. (*See* Doc. No. 13 (Combined Opposition to Motion to Amend), at 1–2.) The Kanagas did not reply in support of amendment. They did, however, file a non-substantive response to the motion to dismiss, requesting that the Court rule on the motion to amend first. (Doc. No. 11 (Response to Motion to Dismiss), at 3.)

## II. DISCUSSION

### A. The Kanagas' Motion to Amend

When a party seeks to amend pleadings before trial, Fed. R. Civ. P. 15(a)(2) provides that the "court should freely give leave when justice so requires." That standard is a liberal one, but a court need not grant leave if amendment would be "futile." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citation omitted). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Id.*; *Spigno v. Precision Pipeline, LLC*, 59 F. Supp. 3d 831, 834 (E.D. Mich. 2014) ("If the district court concludes that the pleading as amended could not withstand a motion to dismiss, then the court may deny the motion to amend as futile and save the parties and the court the expense of having to confront a claim doomed to failure from its outset." (citation omitted)).

To withstand a Rule 12(b)(6) motion to dismiss, the proposed amended complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 292 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

3

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). While a court must construe a complaint in the light most favorable to the plaintiff and accept the truth of well-pleaded factual allegations, it should "not accept as true any conclusory legal allegations that do not include specific facts necessary to establish the cause of action." *Bickerstaff v. Lucarelli*, 830 F.3d 388, 396 (6th Cir. 2016) (citation and internal quotation marks omitted). Put simply, "conclusory allegations without specific facts do not suffice." *Tchankpa v. Ascena Retail Grp., Inc.*, 951 F.3d 805, 817 (6th Cir. 2020); *Twombly*, 550 U.S. at 555 ("[L]abels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (internal citation omitted)).

The Kanagas' proposed amended complaint asserts a fraud claim, as well as product liability claims sounding in negligence, strict liability, and breach of warranty. (Doc. No. 10-1 ¶¶ 132–206.) The proposed amended complaint does not specify whether the products liability claims arise under common law or statute. Regardless, each of the Kanagas' claims require plausible allegations that Monsanto proximately caused Glenn Kanaga to develop Hodgkin's lymphoma. *See Eastman v. Stanley Works*, 907 N.E.2d 768, 780 (Ohio Ct. App. 2009); *Westfield Ins. Co. v. HULS Am., Inc.*, 714 N.E.2d 934, 950–51 (Ohio Ct. App. 1998). "Proximate causation has been described as 'some reasonable connection between the act or omission of the defendant and the damage the plaintiff has suffered.'" *Fox v. Kia Am., Inc.*, No. 1:23-cv-1881, 2024 WL 1328730, at *9 (N.D. Ohio Mar. 28, 2024) (quoting *Queen City Terminals, Inc. v. Gen. Am. Transp. Corp.*, 653 N.E.2d 661, 670 (Ohio 1995) (further citation and internal quotation marks omitted)). Monsanto argues that amendment would be futile because, among other deficiencies, the proposed amended complaint does not plausibly allege any causal connection between Roundup and Hodgkin's lymphoma. (Doc. No. 13, at 2–4.)

The Court agrees that the proposed amended complaint fails to plausibly allege facts supporting proximate causation. It includes no factual allegations about Hodgkin's lymphoma and instead relies exclusively on unsupported legal conclusions. (*See, e.g.*, Doc. No. 10-1 ¶ 6 (alleging without factual support that "as a direct and proximate result of being exposed to Roundup, [Glenn Kanaga] developed Hodgkin's Lymphoma"); *see also id.* ¶¶ 19, 20, 97, 181, 196, 200.) These "'naked assertions'" are "devoid of 'further factual enhancement,'" and are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (cleaned up).

To be clear, the proposed amended complaint contains factual allegations that Roundup can cause *non*-Hodgkin's lymphoma. (*See, e.g.*, Doc. No. 10-1 ¶¶ 83, 100–05.) But those allegations do not help the claims here because the injury alleged is Hodgkin's lymphoma. In their briefing, the Kanagas try to sidestep this deficiency by asserting that the "differential diagnosis between Hodgkin's and Non-Hodgkin's Lymphoma is technical in nature and is actually part of a spectrum." (Doc. No. 10, at 4.) Even if that assertion was in the proposed amended complaint— which it is not—it too would require "further factual enhancement" before being entitled to a presumption of truth. *Iqbal*, 556 U.S. at 678 (citation and internal quotation marks omitted).

The Court acknowledges that any difference between Hodgkin's and non-Hodgkin's lymphoma may not be dispositive as to causation, as plaintiffs claim. But to survive a motion to dismiss, the proposed amended complaint must offer factual allegations to support that conclusion. For example, in a recent case, the plaintiff alleged that exposure to benzene caused her to develop breast cancer. *Rooney v. Unilever United States, Inc.*, No. 22-716, 2023 WL 3167389, at *4 (E.D. La. Apr. 28, 2023). The court granted the defendant's motion to dismiss, however, because the complaint's factual allegations only established "a link between benzene and blood cancers," not breast cancer. *Id.*; *see Johnson v. Ethicon, Inc.*, No. 21-13404, 2022 WL 1744697, at *5 (D.N.J.

5

May 31, 2022) (partially granting motion to dismiss where there were "no allegations that [plaintiff] experienced the injuries these [product] defects tend to cause"); *Baca v. Johnson & Johnson*, No. 20-01036, 2020 WL 6450294, at *4 (D. Ariz. Nov. 2, 2020) (similar); *Riva v. Pepsico, Inc.*, 82 F. Supp. 3d 1045, 1058–59 (N.D. Cal. 2015) (similar); *Watson v. Bayer Healthcare Pharms., Inc.*, No. 13-212, 2013 WL 1558328, at *5 (E.D. La. Apr. 11, 2013) (similar).

Other than unadorned legal conclusions, the proposed amended complaint does not mention Hodgkin's lymphoma. And while the Kanagas claim they will later "submit medical evidence to demonstrate that [Glenn Kanaga's] lymphoma was caused by Roundup" (Doc. No. 10, at 4–5), Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S at 678–79; *see also Erdem v. J.B. Hunt Transp., Inc.*, No. 3:22-cv-216, 2023 WL 1116455, at *4 (E.D. Tenn. Jan. 30, 2023) ("[P]laintiffs must plead facts sufficient to support their claims in the first place, and they cannot use conclusory allegations as placeholders for facts that they hope to discover later."). Without well-pleaded factual allegations that Roundup caused Glenn Kanaga to develop Hodgkin's lymphoma, the Kanagas' proposed amended complaint cannot withstand a Rule 12(b)(6) motion to dismiss.

The Kanagas' attempt to add claims and defendants is similarly futile. To begin, as the Court detailed above, the proposed amended complaint does not adequately identify the party(ies) the Kanagas seek to join. Further, the proposed amended complaint fails to "plead all parties' citizenship so that 'the existence of complete diversity can be confirmed,'" and would be subject to dismissal on that ground as well. *Maxwell v. Synchrony Fin.*, No. 1:24-cv-561, 2024 WL 3554954, at *3 (N.D. Ohio July 26, 2024) (citing *Washington v. Sulzer Orthopedics, Inc.*, 76 Fed. App'x 644, 645–46 (6th Cir. 2003)). (*See also* Order [non-document], 11/7/2024.)[2] But even if

---

[2] If any of the additional parties the Kanagas seek to add are not diverse, this Court would lack subject matter jurisdiction (provided joinder is even appropriate).

diversity were properly alleged, the proposed amended complaint would still be futile because it fails on the merits, as explained above. Finally, the purported loss of consortium claim (Doc. No. 10-1 ¶ 24) would fail too, because the Kanagas other claims would fail as a matter of law. *See Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 633 (6th Cir. 2009). Accordingly, the proposed amended complaint is futile and the motion to amend is denied.[3]

### B. Monsanto's Motion to Dismiss

The operative complaint includes only minimal allegations and attempts to incorporate by reference a pleading from another matter. (*See generally* Doc. No. 1.) Monsanto argues it should be dismissed for failure to include any "factual allegations whatsoever regarding Monsanto's conduct or proximate causation[.]" (Doc. No. 8-1, at 3–5.) In their motion to amend, the Kanagas conceded that their operative complaint fails "to meet the mandates of *Twombly*[.]" (Doc. No. 10, at 4.) The Court agrees that the operative complaint does not plausibly state a claim, and the proposed amended complaint suffers from the same deficiency and more. Monsanto's motion to dismiss the operative complaint is granted. *See, e.g.*, *Mun. Servs. of Am. Corp. v. Sak*, No. 1:22-cv-2037, 2023 WL 6958639, at *3 (N.D. Ohio Oct. 20, 2023) (granting motion to dismiss as to claim that plaintiff conceded did not allege necessary facts).

## III. CONCLUSION

Because the proposed amended complaint would not withstand a subsequent motion to dismiss, the Court **DENIES** the Kanagas' motion to amend. (Doc. No. 10.) And because the operative complaint fails to satisfy federal pleading standards, the Court **GRANTS** Monsanto's

---

[3] Monsanto also argues that the proposed amended complaint would not withstand a Rule 12(b)(6) motion to dismiss because the Kanagas' claims are time-barred. (Doc. No. 13, at 4–7.) The Kanagas did not respond to that argument. In any event, the Court has already determined that the proposed amended complaint would be futile on other grounds, so the Court will not address this issue.

motion to dismiss. (Doc. No. 8.) As the Kanagas have already been afforded one opportunity to amend their complaint, the Court would normally be inclined dismiss this case with prejudice. Nevertheless, given the unusual procedural posture of this case, the Court will dismiss without prejudice. This case is closed.

**IT IS SO ORDERED**.

Dated: December 10, 2024

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**